FILED

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN TURNER - Plaintiff, #05081-016
USP          Pro-se
POB 150160
Atlanta, GA 30315
JO-ANNE B. BARNHART - Defendant,
          Commissioner of Social Security Administration

CASE NUMBER    1:07CV00329

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Pro se General Civil

DATE STAMP: 02/■/2007

## COMPLAINT
### MEMORANDUM OF LAW

COMES NOW, Petitioner pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and respectfully requests this Honorable Court to, at this time, entertain and enter a judgement granting relief to said Petitioner in this civil action regarding a violation of his rights of the due process clause of the U.S. Constitution under the Fifth and Fourteenth Amendments.

### STATEMENT OF FACTS
### (Case History)

On October 7, 1999, Petitioner applied to the Social Security Administration (S.S.A.) for Supplemental Security Income (S.S.I.) in Washington, D.C. (after release from Federal Prison on September 30, 1999) due to a severe leg injury sustained while incarcerated in the United States Penitentary at Terre Haute, Indiana in March of that year. (See Appeal evaluation medical reports, exhibit "1").

Petitioner's case was processed and evaluated by staff and medical personnel appointed by the Social Security Administration. After a denial of the initial application/request, Petitioner subsequently filed an appeal(s) and the decision

RECEIVED

JAN 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

was overturned by an Administrative Law Judge (See Exhibit "1")
and S.S.I. benefits were awarded on October 25, 2002. Petitioner
was notified by mail of this decision after it was confirmed
by the S.S.A. The Petitioner was requested to report to the
Social Security Office at 2041 Martin Luther King Ave., S.E.,
Suite 130, Washington, D.C., 20020 on or about November 12,
2002 to verify and supply certain information pertaining to
his particular case. After complying with these requests, the
petitioner thereafter never heard from the Social Security Office
again, all the way up to this date, as to the status of his
benefits. During this period of time, Petitioner has contacted
or attempted to contact the Social Security Office regarding
this matter yet to no avail. (See Exhibit "2" letter to Peti-
tioner from Attorney Yvette Missri dated October 15, 2004).
Petitioner's legal representative at the time (Ms. Colleen
Francis) also contacted them in his behalf in July of 2005 (See
Exhibit "5") and was told that his, S.S.I., favorable determi-
nation still stood at that time. To this date, however, Peti-
tioner has never received any payment in the form of a lump
sum or any monthly compensation.

## ARGUMENT

1.  Termination without notice or hearing.

Petitioner states at this time that his due process rights
have been violated, and the withholding of his benefits amounts
to a termination without notice or a hearing. (See: Goldberg
v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 LeD 2d 287; also

2

Cardinal v. Mathews, 399 F.Supp 1163 (Right to a hearing);
Polaski v. Heckler, 585 F.Supp. 1004).

The Supreme Court established in Goldberg that a pretermin-
ation hearing is required.  In the instant case Petitioner was
denied both a notice and a hearing.  Petitioner invokes his
rights to procedural due process, as well as statutory law and
governmental policy.  S.S.I. benefits are not to be reduced,
suspended, or terminated without advance written notice, and
a right to a hearing.  (Cardinal v. Mathews, 399 F.Supp. 1163).
A qualified recipient of S.S.I. has a statutory entitlement
to receive his  benefits, as well as a property interest.
(Brown v. Weinberger, 382 F.Supp. 1092; also Richardson v.
Wright, 405 U.S. 208, 209, 92 S.Ct. 788, 31 L.ed 2d 151(Remand
to include procedures to require a notice and opportunity to
present rebuttal evidence); Roth v. Board of Regents, 408 U.S.
564, 92 S.Ct. 270(Procedural due process legitimate claim for
entitlement requires a hearing)).

Fifth and Fourteenth Amendments of the Constitution
(No person shall be deprived of life, liberty, or property with-
out due process of the law.  Advance written notice shall be
given in all cases requiring suspension, reduction, or termin-
ation.  Code of Federal Regulations (C.F.R.) 20 C.F.R. 416.
1336 (See Exhibit "3A").  Also, written notice allows sixty
days after date of receipt to request appellate review (hearing).
20 C.F.R. 416.1336.  Petitioner never received notice or a
hearing.  Petitioner is entitled to receive all benefits for

3

which he is eligible.  20 C.F.R. 416.305 (See Exhibit "3B").

20 C.F.R. 416.1417 (See Exhibit "3C") states that any notice

of a reconsidered determination must be sent to the parties

involved in accordance with 416.1422.  It has never been asserted

that Petitioner's case was reconsidered, yet even if it was,

he was never notified or contacted in any way.  These actions

by the S.S.A. are in violation of the Petitioner's rights and

the Constitution  of the United States.  For these reasons,

Petitioner  prays that the court rules favorably in his behalf.

   2.   Underpayments and Retroactive Lump Sum Award.

Petitioner herein also requests that his denial of entitled

benefits (underpayments) dating back to October, 1999, up until

the present time, be imposed as a lump sum award.  (Beatty v.

Schweiker, 678 F.2d 1143 (Lump sum award paid after appeals,

retroactive to time of initial application for benefits); De

Lao v. Weinberger, 400 F.Supp. 1043 (Retroactive benefits due

where termination without pretermination due process hearing)),

and that all payments due thereafter (60 days from October 7,

1999)(See 42 U.S.C. 423, Title II and 42 U.S.C. §1381, Title

XVI) meet the criteria of underpayments, (Lugo v. Schweiker,

776 F.2d 1143, 1150 (Lump sum due to underpayment)), as noted

in both Social Security Administration policy, and United States

Code Annotated.  (See Exhibit "2").  Title II and Title XVI

respectively of the Social Security Act imposes a sixty day

limit on the effectuation of payments after a decision by the

Administrative Law Judge (A.L.J.).  (See Chagnon v. Schweiker,

4

560 F.Supp, 71; See also statutes 42 U.S.C. 1381(a), basic

entitlement to benefits, 42 U.S.C. 404(a), procedure for adjust-

ment or recovery, 42 U.S.C. 404(B), payments of balance due

to underpaid persons, 42 U.S.C. 1383(b), overpayments and under-

payments, adjustments, recovery, or payment of amounts by the

Commissioner of Social Security).  The Commissioner of Social

Security has a ministerial duty and obligation to administer

payments to eligible recipients.

    Petitioner also seeks redress for retroactive payments

dating back to October 1999, the time of the initial application

for S.S.I. benefits and of which time Petitioner became elig-

ible for benefits.  (See Detson v. Schweiker, 788 F.2d 372,

373, 374(Retroactively paid benefits); Lugo v. Schweiker, 776

F.2d 1143, P-1150 (Lump sum normally paid); De Lao v. Weinberger,

400 F.Supp. 1043 (Retroactive benefits due where termination

without pretermination due process hearing)).

    20 C.F.R. 416.305 (See Exhibit "3") assures that recipients

receive payment for any months that he is eligible.  Petitioner

has never been paid for any period of his eligibility.  See

also Exhibit "4", 20 C.F.R. 416.538(a).  The period begins with

the "first month that there is a difference between the amount

due and the amount paid".  Petitioner has never received payment

for any period of his eligibility.  Petitioner was forced to

endure undue hardship and misfortune because of the inaction

by the Social Security Administration.  Petitioner has lived

a pain filled life for the past seven years.  For the reasons

outlined in this petition to the court, Petitioner seeks declaratory and injunctive relief against the said parties.

## DAMAGES

Petitioner seeks damages in the amount of Sixty Thousand dollars ($60,000) in compensatory damages. In addition, he also requests the court to award him One Hundred Thousand Dollars ($100,000) in punitive damages.

Respectfully submitted,

John Turner Pro-se
#05081-016
United States Penitentiary
P.O. Box 150160
Atlanta, Georgia 30315

**I (a) PLAINTIFFS**

JOHN TURNER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88886
(EXCEPT IN U.S. PLAINTIFF CASES)

Y10 SE (PA)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
#05081-016

**DEFENDANTS**

JO ANNE B. BARNHART

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T

CASE NUMBER 1:07CV00329

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Pro se General Civil

DATE STAMP: 02/7/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
Ⓧ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR Ⓧ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
Ⓧ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment<br>  (criteria: race, gender/sex,<br>  national origin,<br>  discrimination, disability<br>  age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>  (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student<br>  Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>  Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights<br>  Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>  Employment<br>☐ 446 Americans w/Disabilities-<br>  Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>  Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>  Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting<br>  Rights Act) |

**V. ORIGIN**

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 405(g)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 160,000.   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

**DATE** 2-9-07   **SIGNATURE OF ATTORNEY OF RECORD**

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd



**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
Union Center, Plaza II
820 First Street, NE, 8th Floor
Washington, DC 20002-4205

Date OCT 25 2002

EXHIBIT
# 1

John Turner
2681 Douglas Road, SE
#202
Washington, DC 20020

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another office may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative, if you choose to appoint one, must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

**FILED**

07 0329 FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

John Turner (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)                                      Page 2 of 3

**Time To File An Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time To Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

**How An Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 416, Subpart N.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 416.1470 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

John Turner (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)

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is 202-755-0640. Its address is 2041 MARTIN LUTHER KING AVE S.E., SUITE 130, WASHINGTON DC 20020.

JAN K. MICHALSKI
Administrative Law Judge

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

IN THE CASE OF                          CLAIM FOR

                                        Supplemental Security Income

John Turner
(Claimant)

                                        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
                                        (Social Security Number)

(Wage Earner)

## PROCEDURAL HISTORY

This case is before the Administrative Law Judge pursuant, to an Appeals Council Remand Order. The claimant is dissatisfied with the previous determination finding that he is not disabled. The claimant filed a Title XVI application for supplemental security income on October 7, 1999, alleging disability since September 7, 1999. The claimant requested review of the unfavorable decision dated August 14, 2001. After review, the Appeals Council remanded the case to the Hearing Office for further consideration on April 27, 2002, in Washington, D.C. After reviewing the documentary evidence, the Administrative Law Judge concludes that a fully favorable decision can be issued without the necessity of a hearing. An attorney or other qualified representative does not represent the claimant.

## ISSUES

The issues in this case are whether the claimant is under a disability as defined by the Social Security Act and if so, when the disability commenced, and the duration of the disability.

## EVALUATION OF THE EVIDENCE

After a thorough evaluation of the entire record, the Administrative Law Judge concludes that the claimant has been disabled since September 7, 1999. The claimant has not engaged in any substantial gainful activity since the disability onset date. The claimant has the following impairments, which are considered to be "severe" under Social Security Regulations: late effects of injuries to the nervous system.

John Turner (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)

Although the claimant has impairments, which are considered to be "severe," they are not attended with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments. Appendix 1 to Subpart P, 20 C.F.R. Part 404.

A determination in this case cannot be based on medical considerations alone. Therefore, it is necessary to proceed to steps four and five of the sequential evaluation. Steps four and five require a determination of whether the claimant has, during the time at issue, retained the residual functional capacity to perform past relevant work, and if not, to perform other work existing in significant numbers in the national economy consistent with the claimant's age, education and past work experience. In order to make these determinations, it is necessary to assess the claimant's mental and physical residual functional capacity. Residual functional capacity is what the claimant can still do despite limitations due to the impairments.

The claimant has the residual functional capacity to perform the exertional demands of sedentary work, or work which is generally performed while sitting and does not require lifting in excess of ten pounds; perform only low stress work. The claimant is unable to do sustained work activities in an ordinary work setting on a regular and continuing basis.

The following supports this conclusion: the opinion of the examining (nontreating) source, see Exhibit Number 3F; the medical signs and findings, see Exhibit Number 3F, 6F; the claimant's significant medical treatment history, see Exhibit Number 1F and 2F; the claimant's daily activities which are substantially restricted, see Exhibit Number 4E and 3F.

The evidence of record shows that the claimant received emergency room treatment on October 5, 1999, due to a right leg injury. The claimant had a past history of surgery for compartmental syndrome on the right side and nerve damage. He was prescribed Neurontin and Tylenol #3 for right leg and right foot pain (Exhibits 1F and 2F).

A CT scan of the lumbar spine done on November 29, 1999 revealed bilateral sacroiliac joint disease, L5-S1 degenerative disc disease, with bulge, L4-5 bulging with ligamentum flavum hypertrophy.

On follow-up on February 3, 2000, the claimant continued to experience right leg pain and weakness. Outpatient progress notes show there was evidence of sciatic nerve involvement. An EMG nerve conduction study revealed findings suggestive of right L5-S1 radiculopathy, with active partial denervation, and peripheral polyneuropathy. S1 was more involved than L5. The claimant was advised to begin physical therapy and to use assistive aide as needed (Exhibits 1F and 6F).

Dr. Chitra R. Chari performed a neurological evaluation on February 14, 2000. The claimant complained of severe pain in the back or the right thigh and right leg and foot. He could not move his toes. He had used crutches intermittently. His entire leg below the knee was numb. The claimant reported that he could not stand for more than twenty minutes or walk for more than a few minutes because of cramps. On physical examination, the claimant walked with a limp on the right side. He could not walk on his toes. He walked on his heels and tandem very

John Turner (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)

slowly. Dr. Chari's impression was that the claimant had residual right sciatic nerve involvement. The claimant had evidence of both tibial and peroneal involvement. Dr. Chari opined that the claimant's prognosis for improvement was questionable (Exhibit 3F)

In a reconsideration report dated April 27, 2000, the claimant reported that he had difficulty walking due to pain. He stated that he could not stand or sit for long periods of time without getting cramps and pain. The claimant asserted that his activities are limited because he has difficulty getting around (Exhibit 4E).

In accordance with Social Security Ruling 96-6p, the Administrative Law Judge has considered the administrative findings of fact made by the State agency medical physicians and other consultants. These opinions are weighed as nonexamining expert sources. The State agency consultants failed to consider the combined effect of all of the claimant's impairments as required by the regulations.

The claimant's description of his limitations is consistent with the record when considered in its entirety. The claimant cannot perform his past relevant work.

Since the claimant cannot perform past relevant work, the burden shifts to the Commissioner to show that there are other jobs existing in significant numbers that the claimant can perform, consistent with the medically determinable impairments, age, education, and work experience. The claimant was 41 years old (younger individual, 18 - 44) on the date his disability began. The claimant has a high school equivalent education. Considering the claimant's residual functional capacity and vocational factors, the issue of transferability of skills is not material in this decision.

Residual functional capacity is the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week or an equivalent work schedule (Social Security Ruling 96-8p). The claimant must have both the mental and physical abilities to perform sustained work activities. Because the evidence supports a finding that the claimant experiences severe pain, and, a substantial loss of ability to meet the demands of basic work related activities on a sustained basis, the unskilled sedentary occupational base is significantly eroded and a finding of disability is justified under Social Security Ruling 96-9p. A finding of disability is supported by Social Security Rulings 96-2p and 96-5p.

The Commissioner has promulgated medical-vocational rules found in Appendix 2, Subpart P, Social Security Regulations No. 4 which take into account the claimant's age, education, work experience and residual functional capacity. The claimant's medical-vocational profile most closely parallels Rule 201.00(h) of the Medical-Vocational Guidelines, which directs a conclusion that the claimant is "not disabled" within the meaning of the Social Security Act. However, due to the nonexertional factors that may erode the job base which the claimant is able to perform, the medical-vocational rules cannot be used to direct a finding. However, they may be used as a framework for making a decision. The claimant's capacity for the full range of work has been significantly compromised by his nonexertional limitations.

Therefore, using the framework of Medical-Vocational Rule 201.00(h) Appendix 2, Subpart P, Regulations No. 4, the Administrative Law Judge finds that significant numbers of jobs do not exist in the national economy which the claimant is capable of performing. The claimant is disabled within the meaning of the Social Security Act and Regulations.

Thus, the claimant has been under a disability beginning September 7, 1999. Eligibility for Supplemental Security Income payments is based on the application filed on October 7, 1999.

## FINDINGS

After consideration of the entire record, the Administrative Law Judge makes the following findings:

1.  The claimant has not engaged in any substantial gainful activity since the disability onset date.

2.  The claimant's impairments which are considered to be "severe" under the Social Security Act are as follows: late effects of injuries to the nervous system.

3.  The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR Part 404, Appendix 1 to Subpart P (Listing of Impairments).

4.  The claimant's allegations are credible.

5.  The claimant has the residual functional capacity to perform the exertional demands of less than the full range of sedentary work, or work which is generally performed while sitting and does not require lifting in excess of ten pounds; and can perform only low stress work.

6.  The claimant is unable to do sustained work activities in an ordinary work setting on a regular and continuing basis. The claimant is unable to perform his past relevant work.

7.  The claimant was 41 years old (younger individual, 18 - 44) on the date his disability began. The claimant has a high school education.

8.  Considering the claimant's residual functional capacity and vocational factors, the issue of transferability of skills is not material in this decision.

9.  Based upon the claimant's residual functional capacity and vocational factors, there are no jobs existing in significant numbers which he can perform. This finding is based upon the following: Social Security Ruling 96-9p, Social Security Ruling 96-2p and 96-5p, the framework of Medical-Vocational Rule 201.00(h).

Page 5 of 5

John Turner (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)

10.    The claimant has been under a disability as defined by the Social Security Act and Regulations since September 7, 1999.

## DECISION

Based on the Title XVI application filed on October 7, 1999, the claimant has been disabled since September 7, 1999, under section 1614(a) (3) (A) of the Social Security Act, and the claimant's disability has continued through at least the date of this decision.

The Social Security Administration must also determine whether the claimant meets the income and resources and other eligibility requirements for supplemental security income payments, and if the claimant is eligible, the amount and the month(s) for which the claimant will receive payment. The claimant will receive a notice from another office of the Social Security Administration when that office makes those determinations.

JAN K. MICHALSKI
Administrative Law Judge

OCT 2 5 2002

Date

**The Presidents Council**

C. Stanley Dees, Esq.
*McKenna Long & Aldridge LLP*

Michael S. Helfer, Esq.
*Citigroup*

Stephen S. Hill, Esq.
*Howrey Simon Arnold & White, LLP*

Caswell O. Hobbs, Esq.
*Morgan, Lewis & Bockius*

G. Philip Nowak, Esq.
*Akin Gump Strauss Hauer & Feld LLP*

Thomas C. Papson, Esq.
*McKenna Long & Aldridge LLP*

S. White Rhyne, Esq.

Barbara M. Rossotti, Esq.
*Shaw Pittman, L.L.P.*

Robert N. Sayler, Esq.
*Covington & Burling*

Thomas Schattenfield, Esq.
*Arent Fox PLLC*

Daniel W. Toohey, Esq.

**Officers**

Philip W. Horton, Esq., President
*Arnold & Porter*

Anthony T. Pierce, Esq. , Vice President
*Akin, Gump, Strauss, Hauer & Feld LLP*

Deborah Brand Baum, Esq., Secretary
*Shaw Pittman, L.L.P.*

Karl Richard Pavlovic, Ph.D. Treasurer
*DOXA, Inc.*

Jonathan M. Smith, Esq.
*Executive Director*

**THE
LEGAL AID
SOCIETY**
OF THE
DISTRICT OF
COLUMBIA

666 ELEVENTH STREET, NW
SUITE 800
WASHINGTON, DC 20001-4589
TELEPHONE: (202) 628-1161
FAX: (202) 727-2132
www.legalaiddc.org

The Board of Trustees

Audrey J. Anderson, Esq.
*Hogan & Hartson*

Michael Bartscherer, Esq.
*America Online, Inc.*

Judith N. Batty, Esq.
*Exxon Mobil Corporation*

Eric L. Bernthal, Esq.
*Latham & Watkins*

John DeQ. Briggs, Esq.
*Howrey Simon Arnold & White, LLP*

Robert Durham
*United Planning Organization*

Jonathan M. Fee, Esq.
*Alston & Bird LLP*

Jan LeMessurier Flack
*Covington & Burling*

David Florin, Esq.
*Crowell & Moring*

Brenda P. Fuller, Esq.
*Sodexho, Inc.*

Jeffrey T. Green, Esq.
*Sidley, Austin, Brown & Wood*

Joyce Trimble Gwadz, Esq.
*Dow, Lohnes & Albertson, PLLC*

Michael J. Henke, Esq.
*Vinson & Elkins*

Christopher J. Herrling, Esq.
*Wilmer Cutler Pickering Hale and Dorr L.L.P.*

William Isberg
*Suntrust Bank*

Daniel G. Jarcho
*McKenna Long & Aldridge LLP*

Michael D. Jones, Esq.
*Kirkland & Ellis*

Barbara K. Kagan, Esq.
*Steptoe & Johnson*

Kimberly A. Kelly, Esq.
*TVOne*

Deborah D. Kennedy, Esq.

Martin Klepper, Esq.
*Skadden, Arps, Slate, Meagher & Flom, L.L.P.*

Eric N. Lieberman, Esq.
*The Washington Post*

Margaret C. Liu, Esq.
*Fannie Mae*

Timothy J. May, Esq.
*Patton Boggs, L.L.P.*

Judith A. Miller, Esq.
*Williams & Connolly LLP*

John M. Nannes, Esq.
*Skadden, Arps, Slate, Meagher & Flom, L.L.P.*

Deanne M. Ottaviano, Esq.
*Arent Fox PLLC*

Michael Raibman, Esq.
*Gilbert, Heintz & Randolph, LLP*

Henry M. Rivera, Esq.
*Vinson & Elkins*

Argelia Rodriguez
*D.C. College Access Program*

James H. Rowe, Esq.
*James Mintz Group, Inc.*

Anita Bellamy Shelton, MSW
*Hillcrest Children's Center*

Mary Lou Soller, Esq.
*Miller & Chevalier*

Leslie E. Smith, Esq.
*U.S. Trust Company*

Mark A. Srere, Esq.
*Morgan, Lewis & Bockius*

Theodore B. Stone
*Ernst & Young, LLP*

Geovette E. Washington, Esq.
*Bazch Robinson & Lewis, PLLC*

Stephen E. Witort
*3M*

October 5, 2004

Mr. John Turner
#05081-016
Federal Correctional Institution
McKean:  P.O. Box 8000
Bradford, PA 16701

EXHIBIT
# 2

**RE:   Retroactive SSI**

Dear Mr. Turner,

Please accept our apologies in the delay in responding to your request for help in your retroactive SSI case.  In short, after researching the issue, while I am not positive that you will succeed, I think you have a good argument to try to recover your retroactive SSI payment.

First, in researching the question of whether you are entitled to the retroactive payments, I did not find any law or rule that says that a prisoner *cannot* receive retroactive money due to him.

Secondly, I found a regulation (or law) that indicates that prisoners can receive SSI *Underpayments*.  I have attached 3 copies of the law here.  An underpayment is when the SSA fails to pay you all the moneys owed to you and then owed you the rest of the money.  Even though this law does not talk about *Retroactive* payments, it seems to me that you can argue that it should also apply to *Retroactive* payments.

To help you make this argument to the SSA, I have prepared a letter to the SSA from you arguing that you are entitled to receive your Retroactive SSI in prison. If you are happy with the letter, sign it and send it to the SSA.  If you want to make any changes, you should write your letter.

*also mark the*

07 0329 *date you are sending it*

**FILED**

FEB - 9 2007

GIVE FOR JUSTICE
United Way Member #8140



Please let me know the results of your efforts and if the problem is resolved through this letter. Again, you can reach me at (202) 661-5965 or by writing me at Legal Aid. Thank you and I look forward to hearing from you.

Very Truly Yours,

Yvette Missri
Staff Attorney

Enclosure

# SSA Policy Site: POMS Section SI 02310.076

> EXHIBIT
> #2A

TN 29 (05-01)

# SI 02310.076 SSI Underpayments to Prisoners and Other Check Related Prisoner Issues

## A. POLICY – SSI UNDERPAYMENTS TO PRISONERS

### 1. SSI Underpayments Payable To Prisoners

**NOTE:** Payment of underpayments (paper checks, not direct deposit) to incarcerated individuals at correctional institutions causes severe public relations problems. Exhaust all alternative methods of paying an individual an underpayment (via a paper check) before paying the underpayment to the individual at the correctional institution.

SSA must pay any SSI underpayment due a recipient or eligible survivor of a deceased individual for periods of eligibility before prisoner suspension, after considering any collectible overpayment, penalty, or interim assistance reimbursement to the State. Use direct deposit to a financial institution for all underpayments that require a dedicated account. An SSI underpayment is not payable to an estate or survivor convicted of causing the underpaid recipient's death. Follow the instructions for underpayments directed to a dedicated account or installments in SI 02101.000.

If possible, do not pay underpayments (via a SSA paper check) directly to beneficiaries/non-beneficiaries while they are in a correctional institution.

### 2. Alternative Methods for Paying Underpayments while the Prisoner Is Incarcerated

Some alternative methods for paying the SSI underpayment are:

- request the prisoner to have his/her payment sent to a bank account; or,

- advise the prisoner that SSA will change his/her mailing address temporarily, only for the period of incarceration. Obtain the temporary address from the prisoner. The underpayment may go to a special "secured" mailing address, or, "in care of" a trusted relative or friend. (See GN 02605.025B.1. for specific circumstances allowing SSA to use an "in care of" address for safety reasons. Use caution when changing the address to an "in care of" address to make sure this change does not cause an assignment of the check to another person. See GN 02410.001D.)

**NOTE (1):** Only use this temporary change of address for this one-time special payment. If reinstatement of benefits occurs in the future because the prisoner is a Social Security recipient, SSA will change the address back to the recipient's appropriate permanent mailing address when we reinstate

Case 1:07-cv-00829-CKK   Document 1-9   Filed 02/09/2007   Page 2 of 2

benefits.

**NOTE (2):** Develop for alternative methods of paying the underpayment before completing any Interim Assistance Reimbursement action. Pay the State via a one-time payment (OTP). SSA will pay any remaining underpayment to the individual at the secure address.

If the recipient or eligible survivor will not agree to any of our alternatives for payment of the underpayment, pay the underpayment to the individual at the correctional institution.

# B. POLICY - SSI BENEFIT CHECKS RECEIVED AT CORRECTIONAL INSTITUTIONS

SSA cannot stop benefit checks until SSA notifies the beneficiary of his/her appeal rights.

FOs should contact the correctional/mental institutions in their area and inform them of the following procedures for returning SSI (e.g., paper checks) benefit checks they may receive at their facilities:

## 1. Inform the correctional/mental health institution that if they receive a title XVI benefit check at their facility for an inmate, they should:

- call the local SSA office immediately to report that the inmate is receiving a benefit check at their institution;

- provide inmate information to the SSA office so they can investigate the matter;

- if no record for this recipient exists on PUPS, request the inmate data from the institution and establish a PUPS record, if applicable, and

- advise the institution not to intercept the check unless the local FO advises them to do so, and their policy permits them to do so. Once the facility intercepts the check, tell them to return it to the FO for coding and return to Treasury.

## 2. If the facility should not intercept the check, e.g. the beneficiary did not receive his/her appeal rights (see SI 02301.300B.1.):

- ask the institution to make a photocopy of the check. Tell them to send the photocopy along with the inmate's identifying information to the FO to facilitate inmate status development. Have them write or type the information on the photocopy.

- advise the institution to process the inmate's SSI check according to their own internal check cashing policies.

## 3. Ask the institution to report any additional SSI benefit checks the inmate may receive to the FO.

LexisNexis® *Total Research System*                          Switch Client | Preferences | Feedback | Sign Off | [?] Help

Search | Research Tasks | Search Advisor | Get a Document | *Shepard's®* | Alerts                    History | 🖰

Citation | Party Name | Docket Number

**NOTE:** The publication abbreviation you entered is recognized; however, the citation (**20 cfr 416.1336 (a)(c)**) is not available through the Get by Citation feature.

**Example(s):**

26 C.F.R. 26.2653-1

C.F.R. 26.2653-1

34 C.F.R. 676.10



Click the **Citation Formats** link to locate the correct citation format for any retrievable publication, even if you know only part of its name.

**Get by Citation**                                        [?]

20 cfr 416.1336 ............................ Citation Formats

To request multiple citations, use *Get & Print*
          or the new *Shepard's® BriefCheck* ™          **Get**

Search | Research Tasks | Search Advisor | **Get a Document** | *Shepard's®* | Alerts
History | Delivery Manager | Switch Client | Preferences | Feedback | Sign Off | Help

⬤ LexisNexis®     About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

07 0329

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*20 CFR 416.1336*

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 20 -- EMPLOYEES' BENEFITS
CHAPTER III -- SOCIAL SECURITY ADMINISTRATION
PART 416 -- SUPPLEMENTAL SECURITY INCOME FOR THE AGED, BLIND, AND DISABLED
SUBPART M -- SUSPENSIONS AND TERMINATIONS

### Go to the CFR Archive Directory

20 CFR 416.1336

§ 416.1336 Notice of intended action affecting recipient's payment status.

(a) Advance written notice requirement. Advance written notice of intent to discontinue payment because of an event requiring suspension, reduction (see subpart D of this part), or termination of payments shall be given in all cases, prior to effectuation of the action, except where the Social Security Administration has factual information confirming the death of the recipient, e.g., as enumerated in § 404.704(b) of this chapter, or a report by a surviving spouse, a legal guardian, a parent or other close relative, or a landlord.

(b) Continuation of payment pending an appeal. The written notice of intent to suspend, reduce, or terminate payments shall allow 60 days after the date of receipt of the notice for the recipient to request the appropriate appellate review (see subpart N of this part). If appeal is filed within 10 days after the individual's receipt of the notice, the payment shall be continued or reinstated at the previously established payment level (subject to the effects of intervening events on the payment which are not appealed within 10 days of receipt of a required advance notice or which do not require advance notice, e.g., an increase in the benefit amount) until a decision on such initial appeal is issued, unless the individual specifically waives in writing his right to continuation of payment at the previously established level in accordance with paragraph (c) of this section. (See § 416.1337 for exceptions to the continuation of payment level.) Where the request for the appropriate appellate review is filed more than 10 days after the notice is received but within the 60-day period specified in § 416.1413 or § 416.1425 of this part, there shall be no right to continuation or reinstatement of payment at the previously established level unless good cause is established under the criteria specified in § 416.1411 of this part for failure to appeal within 10 days after receipt of the notice. For purposes of this paragraph, the date of receipt of the notice of intent to suspend, reduce, or terminate payments shall be presumed to be 5 days after the date on the face of such notice, unless there is a reasonable showing to the contrary.

(c) Waiver of right to continued payment. Notwithstanding any other provisions of this section, the recipient, in order to avoid the possibility of an overpayment of benefits, may waive continuation of payment at the previously established level (subject to intervening events which would have increased the benefit for the month in which the incorrect payment was made, in which case the higher amount shall be paid), after having received a full explanation of his rights. The request for waiver of continuation of payment shall be in writing, state that waiver action is being initiated solely at the recipient's request, and state

Get a Document - by Citation - 20 CFR 416.1336
Page 2 of 2
Case 1:07-cv-00329-CKK     Document 1-6     Filed 02/09/2007     Page 3 of 3

that the recipient understands his right to receive continued payment at the previously established level.

**HISTORY:**
[43 FR 18170, Apr. 28, 1978; 65 FR 16811, 16815, Mar. 30, 2000]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE SUBPART:
Secs. 702(a)(5), 1129A, 1611-1614, 1619, and 1631 of the Social Security Act (42 U.S.C. 902(a)(5), 1320a-8a, 1382-1382c, 1382h, and 1383).

**NOTES:**
[EFFECTIVE DATE NOTE: 65 FR 16811, 16815, Mar. 30, 2000, amended paragraph (b), effective Mar. 30, 2000.]
NOTES APPLICABLE TO ENTIRE TITLE:
EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR chapters IV, V, VI, VII and IX, 29 CFR subtitle A and chapters II, IV, V, XVII and XXV, 30 CFR chapter I, 41 CFR chapters 50, 60, and 61, and 48 CFR chapter 29.

492 words

Service: **Get by LEXSTAT®**
Citation: **20 cfr 416.1336**
View: Full
Date/Time: Thursday, September 28, 2006 - 4:10 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*20 CFR 416.305*

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 20 -- EMPLOYEES' BENEFITS
CHAPTER III -- SOCIAL SECURITY ADMINISTRATION
PART 416 -- SUPPLEMENTAL SECURITY INCOME FOR THE AGED, BLIND, AND DISABLED
SUBPART C -- FILING OF APPLICATIONS
GENERAL PROVISIONS

**EXHIBIT 3-B**

**Go to the CFR Archive Directory**

20 CFR 416.305

§ 416.305 You must file an application to receive supplemental security income benefits.

(a) General rule. In addition to meeting other requirements, you must file an application to become eligible to receive benefits. If you believe you may be eligible, you should file an application as soon as possible. Filing an application will --

(1) Permit us to make a formal determination whether or not you are eligible to receive benefits;

(2) Assure that you receive benefits for any months you are eligible to receive payment; and

(3) Give you the right to appeal if you disagree with the determination.

(b) Exceptions. You need not file a new application if --

(1) You have been receiving benefits as an eligible spouse and are no longer living with your husband or wife;

(2) You have been receiving benefits as an eligible spouse of an eligible individual who has died;

(3) You have been receiving benefits because you are disabled or blind and you are 65 years old before the date we determine that you are no longer blind or disabled.

(4) A redetermination of your eligibility is being made and it is found that you were not eligible for benefits during any part of a period for which we are making a redetermination but you currently meet the requirements for eligibility;

(5) You are notified that your payments of SSI benefits will be stopped because you are no longer eligible and you again meet the requirements for eligibility before your appeal rights are exhausted.

**HISTORY:**
[45 FR 48120, July 18, 1980; 60 FR 16374, Mar. 30, 1995; 64 FR 31969, 31972, June 15, 1999]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE SUBPART:
Secs. 702(a)(5), 1611, and 1631 (a), (d), and (e) of the Social Security Act (42 U.S.C. 902 (a)(5), 1382, and 1383 (a), (d), and (e)).

**NOTES:**
[EFFECTIVE DATE NOTE: 64 FR 31969, 31972, June 15, 1999, revised paragraph (a)(2), effective Aug. 16, 1999.]
NOTES APPLICABLE TO ENTIRE TITLE:
EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR chapters IV, V, VI, VII and IX, 29 CFR subtitle A and chapters II, IV, V, XVII and XXV, 30 CFR chapter I, 41 CFR chapters 50, 60, and 61, and 48 CFR chapter 29.

237 words

Service:  **Get by LEXSTAT®**
Citation:  **20 cfr 416.305**
View:  Full
Date/Time:  Thursday, September 28, 2006 - 4:05 PM EDT

 **LexisNexis®**

About LexisNexis  |  Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*20 CFR 416.1417*

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 20 -- EMPLOYEES' BENEFITS
CHAPTER III -- SOCIAL SECURITY ADMINISTRATION
PART 416 -- SUPPLEMENTAL SECURITY INCOME FOR THE AGED, BLIND, AND DISABLED
SUBPART N -- DETERMINATIONS, ADMINISTRATIVE REVIEW PROCESS, AND REOPENING OF
DETERMINATIONS AND DECISIONS
DISABILITY HEARING



**Go to the CFR Archive Directory**

20 CFR 416.1417

§ 416.1417 Disability hearing -- disability hearing officer's reconsidered determination.

(a) General. The disability hearing officer who conducts your disability hearing will prepare and will issue a written reconsidered determination, unless:

(1) The disability hearing officer sends the case back for additional development by the component that prepared the case for the hearing, and that component issues a favorable determination, as permitted by § 416.1416(c);

(2) It is determined that you are engaging in substantial gainful activity and that you are therefore not disabled; or

(3) The reconsidered determination prepared by the disability hearing officer is reviewed under § 416.1418.

(b) Content. The disability hearing officer's reconsidered determination will give the findings of fact and the reasons for the reconsidered determination. The reconsidered determination must be based on evidence offered at the disability hearing or otherwise included in your case file.

(c) Notice. We will mail you and the other parties a notice of reconsidered determination in accordance with § 416.1422.

(d) Effect. The disability hearing officer's reconsidered determination, or, if it is changed under § 416.1418, the reconsidered determination that is issued by the Associate Commissioner for Disability Determinations or his or her delegate, is binding in accordance with § 416.1421, subject to the exceptions specified in that section.

**HISTORY:**
[51 FR 306, Jan. 3, 1986; 71 FR 10419, 10432, Mar. 1, 2006]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE SUBPART:
Secs. 702(a)(5), 1631, and 1633 of the Social Security Act (42 U.S.C. 902(a)(5), 1383, and

1383b).

**NOTES:**
[EFFECTIVE DATE NOTE: 71 FR 10419, 10432, Mar. 1, 2006, revised paragraph (d), effective Mar. 31, 2006.]
NOTES APPLICABLE TO ENTIRE TITLE:
EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR chapters IV, V, VI, VII and IX, 29 CFR subtitle A and chapters II, IV, V, XVII and XXV, 30 CFR chapter I, 41 CFR chapters 50, 60, and 61, and 48 CFR chapter 29.

231 words

Service: **Get by LEXSTAT®**
Citation: **20 CFR 416.1417**
View: Full
Date/Time: Thursday, September 28, 2006 - 4:11 PM EDT

 **LexisNexis®**

About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*20 CFR 416.538*

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 20 -- EMPLOYEES' BENEFITS
CHAPTER III -- SOCIAL SECURITY ADMINISTRATION
PART 416 -- SUPPLEMENTAL SECURITY INCOME FOR THE AGED, BLIND, AND DISABLED
SUBPART E -- PAYMENT OF BENEFITS, OVERPAYMENTS, AND UNDERPAYMENTS

**Go to the CFR Archive Directory**

20 CFR 416.538

EXHIBIT
# 4

§ 416.538 Amount of underpayment or overpayment.

(a) General. The amount of an underpayment or overpayment is the difference between the amount paid to a recipient and the amount of payment actually due such recipient for a given period. An underpayment or overpayment period begins with the first month for which there is a difference between the amount paid and the amount actually due for that month. The period ends with the month the initial determination of overpayment or underpayment is made. With respect to the period established, there can be no underpayment to a recipient or his or her eligible spouse if more than the correct amount payable under title XVI of the Act has been paid, whether or not adjustment or recovery of any overpayment for that period to the recipient or his or her eligible spouse has been waived under the provisions of §§ 416.550 through 416.556. A subsequent initial determination of overpayment will require no change with respect to a prior determination of overpayment or to the period relating to such determination to the extent that the basis of the prior overpayment remains the same.

(b) Limited delay in payment of underpaid amount to recipient or eligible surviving spouse. Where an apparent overpayment has been detected but determination of the overpayment has not been made (see § 416.558(a)), a determination of an underpayment and payment of an underpaid amount which is otherwise due cannot be delayed to a recipient or eligible surviving spouse unless a determination with respect to the apparent overpayment can be made before the close of the month following the month in which the underpaid amount was discovered.

(c) Delay in payment of underpaid amount to ineligible individual or survivor. A determination of an underpayment and payment of an underpaid amount which is otherwise due an individual who is no longer eligible for SSI or is payable to a survivor pursuant to § 416.542(b) will be delayed for the resolution of all overpayments, incorrect payments, adjustments, and penalties.

(d) Limited delay in payment of underpaid amount to eligible individual under age 18 who has a representative payee. When the representative payee of an eligible individual under age 18 is required to establish a dedicated account pursuant to §§ 416.546 and 416.640(e), payment of past-due benefits which are otherwise due will be delayed until the representative payee has established the dedicated account as described in § 416.640(e). Once the account is established, SSA will deposit the past-due benefits payable directly to the account.

FILED

07 0329   FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(e) Reduction of underpaid amount. Any underpayment amount otherwise payable to a survivor on account of a deceased recipient is reduced by the amount of any outstanding penalty imposed against the benefits payable to such deceased recipient or survivor under section 1631(e) of the Act (see § 416.537(b)(2)).

**HISTORY:**
[50 FR 48573, Nov. 26, 1985; 58 FR 52912, Oct. 13, 1993; 61 FR 67203, 67205, Dec. 20, 1996]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE SUBPART:
Secs. 702(a)(5), 1147, 1601, 1602, 1611(c) and (e), and 1631(a)-(d) and (g) of the Social Security Act (42 U.S.C. 902(a)(5), 1320b-17, 1381, 1381a, 1382(c) and (e), and 1383(a)-(d) and (g)); 31 U.S.C. 3720A.

**NOTES:**
[PUBLISHER'S NOTE: UNITED STATES SUPREME COURT CASES SIGNIFICANTLY DISCUSSING SECTION -- Sullivan v Everhart (1990) 494 US 83, 108 L Ed 2d 72, 110 S Ct 960]
NOTES APPLICABLE TO ENTIRE TITLE:
EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR chapters IV, V, VI, VII and IX, 29 CFR subtitle A and chapters II, IV, V, XVII and XXV, 30 CFR chapter I, 41 CFR chapters 50, 60, and 61, and 48 CFR chapter 29.

480 words

Service: **Get by LEXSTAT®**
Citation: **20 CFR 416.538**
View: Full
Date/Time: Thursday, September 28, 2006 - 4:16 PM EDT

 **LexisNexis®**

About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

30 02 08

# FEDERAL PUBLIC DEFENDER
## DISTRICT OF COLUMBIA
### SUITE 550
### 625 INDIANA AVENUE, N.W.
### WASHINGTON, D.C. 20004

A. J. KRAMER
Federal Public Defender

TELEPHONE (202) 208-7500
FAX (202) 208-7515

June 17, 2005

Terre Haute Regional Hospital
Address: 3901 S 7th St, Terre Haute, IN 47802
Phone: (812) 232-0021
Fax: (812) 237-9517
Attn: Release of Information

EXHIBIT
#5

### Via Facsimile: 812-237-9517

Re: John Turner, DOB: 10/09/1957, SSN: 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

To Whom it May Concern:

This office represents John Turner in litigation related to his convictions and sentence in Washington, DC, under USDC-DC Case No. CR-02-0SS-01. I am writing to request any and all medical records your office maintains related to Mr. Turner.

This request includes, but is not limited to the following: intake notes, ambulance reports, progress reports, nurses' notes, physicians orders, prescription information, X-Ray films, diagrams, testing, evaluations, psychiatric or psychological evaluations and/or counseling, information on referrals to other doctors, waiver or consent forms, discharge reports, and any other types of records contained in these patients' files. I specifically request any records pertaining to testing, treatment, or counseling for drug abuse and/or HIV/AIDS or other sexually transmitted diseases. I request these records whether they are maintained off-site or in the possession of doctors or other individuals formerly employed at the medical facility, or otherwise stored or maintained.

To aid in your research I provide the following information. Mr. Turner, formerly an inmate at Terre Haute United States Penitentiary, was treated at Terre Haute General for sciatic nerve damage.

Enclosed is a HIPAA-compliant release signed by Mr. Turner. These records are requested in connection with legal representation of Mr. Turner. Mr. Turner is indigent therefore I request that you waive any processing or copying fees associated with this request. Please contact me or Assistant Public Defender Shawn Moore or Assistant Public Defender Beverly Dyer at the above number if there are any questions related to this request. I appreciate your prompt consideration and attention to the request.

Sincerely,

Colleen Francis

07 0329
**FILED**

FEB - 9 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

CHARTONE

JUL 0 7 2005